**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4455**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MANUEL MARTINEZ-AGUILAR, a/k/a El Lunatic, a/k/a Zomb,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge. (1:17-cr-00589-JKB-4)

Submitted: March 12, 2020                    Decided: March 18, 2020

Before GREGORY, Chief Judge, and THACKER and RUSHING, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Elita C. Amato, LAW OFFICE OF ELITA C. AMATO, Arlington, Virginia, for Appellant. Teresa Ann Wallbaum, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Zachary Byrne Stendig, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Manuel Martinez-Aguilar appeals his convictions and 288-month sentence imposed following his guilty plea to conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (2018), and using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (2018). Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether Martinez-Aguilar's sentence is reasonable. Although advised of his right to file a pro se brief, Martinez-Aguilar has not done so. The Government has moved to dismiss the appeal based on the waiver of appellate rights in Martinez-Aguilar's plea agreement. We affirm in part and dismiss in part.

Martinez-Aguilar's waiver of appellate rights does not prevent him from challenging the validity of the plea itself. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir.), *cert. denied*, 139 S. Ct. 494 (2018). We therefore deny in part the Government's motion to dismiss and review the adequacy of the plea colloquy for plain error. *See United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (stating standard of review); *United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014) (describing standard).

Before accepting a guilty plea, the district court must conduct a plea colloquy in which the court informs the defendant of, and determines the defendant understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the

2

plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). Here, our review of the plea agreement and the transcript of the guilty plea hearing confirms that Martinez-Aguilar knowingly and intelligently waived his right to appeal and that a factual basis supported the plea. *See DeFusco*, 949 F.2d at 116, 119-20.

Turning to Martinez-Aguilar's appeal of his sentence, where, as here, the Government seeks to enforce the appeal waiver and Martinez-Aguilar has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the waiver's scope. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). Martinez-Aguilar does not contest that he knowingly and intelligently waived his right to appeal, *see United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010), and our de novo review of the plea hearing leads us to conclude that the waiver is valid and enforceable. *See United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018) (stating standard of review). Moreover, Martinez-Aguilar's challenge to the reasonableness of his sentence falls within the waiver's scope.

Accordingly, we grant in part the Government's motion to dismiss and dismiss the appeal of the sentence, and we deny in part the Government's motion and affirm Martinez-Aguilar's convictions. In accordance with *Anders*, we have reviewed the record and have found no meritorious grounds for appeal that fall outside the scope of the waiver. This court requires that counsel inform Martinez-Aguilar, in writing, of the right to petition the Supreme Court of the United States for further review. If Martinez-Aguilar requests that a

3

petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Martinez-Aguilar.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*